UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAPITOL SPECIALTY INSURANCE CORPORATION            PLAINTIFF

v.                                                                                                               NO. 3:13-CV-426-CRS

IKO, INC. d/b/a THE BACK DOOR and
NICOLE SANCOMB                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of Defendant IKO, Inc. d/b/a The Back Door (hereinafter, "IKO") to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (DN 11). Plaintiff Capitol Specialty Insurance Corp. ("Capitol") has filed a response (DN 13), to which IKO has replied (DN 19). Fully briefed, the matter is now ripe for adjudication. For the reasons set forth below, the court will deny IKO's motion to dismiss (DN 11).

## BACKGROUND

Capitol, an insurer, issued a commercial general liability insurance policy to IKO. The policy had a $1 million personal injury limit, and it was in effect from August 7, 2010 to August 7, 2011. Capitol has filed an action in this court invoking our diversity jurisdiction pursuant to 28 U.S.C. § 1332. Capitol seeks a declaration that the Assault or Battery Hazard Limited Coverage form contained in its policy with IKO (hereinafter, the "Assault Limitation"), which provides for a liability sub-limit of $25,000, is the exclusive coverage limit available to IKO in a civil action filed against IKO in a Kentucky state court by Nicole Sancomb ("Sancomb"). Capitol also seeks a declaration that its duty to defend and indemnify IKO in the state court

action will be extinguished upon the exhaustion of the Assault Limitation's liability sub-limit of $25,000.

IKO owns The Back Door, a bar located in Louisville, Kentucky. Sancomb's complaint, filed in Jefferson County, Kentucky, Circuit Court, alleges that on August 15, 2010, while Sancomb was a patron at The Back Door, she was sexually assaulted on its premises by several of its patrons and third parties. Sancomb has asserted claims against IKO for negligence and seeks an unspecified amount of compensatory and punitive damages.

In this declaratory judgment action, Capitol argues that the Assault Limitation contained in its policy with IKO limits its duty to defend and indemnify IKO in the state court action to the extent of $25,000, inclusive of attorney's fees and court costs. The Assault Limitation states:

> **Assault or Battery Hazard Limits of Insurance**
>
> $25,000 is the most we will pay for the sum of all damages arising out of any one "event" and included in the "assault or battery hazard," subject to the aggregate described below;
>
> $25,000 is the most we will pay for the sum of all damages included in the "assault or battery hazard" arising out of all "events" during the policy period.

(DN 1-2, p. 12). The policy defines several of the terms contained in the Assault Limitation:

> "Assault or battery" means:
>
> a. Assault, including sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instruction of, or at the direction of, or arising out of the negligence of you, any insured, any legal entity, or any causes whatsoever, regardless of fault or intent[.]
>
> . . . .
>
> "Assault or battery hazard" means:
>
> . . . .

  b. An "assault or battery" committed by a patron of an insured's business or another patron for which an insured is legally liable.

"Event" means:

All liability arising out of an "assault or battery hazard . . . ."

(DN 1-2, p. 13). The Assault Limitation further provides that "costs for defense and investigation of any 'assault or battery hazard' claim are included within the limits of insurance shown and described below." (DN 1-2, p. 12).

  IKO moves to dismiss Capitol's declaratory judgment action under Fed. R. Civ. P. 12(b)(1), arguing that Capitol has not satisfied the amount-in-controversy requirement necessary to vest this court with subject matter jurisdiction.

## DISCUSSION

  The Declaratory Judgment Act, 28 U.S.C. § 2201, provides: "In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act does not provide an independent basis for federal subject matter jurisdiction, and therefore claims brought under the Act must satisfy one of the tests for federal subject matter jurisdiction. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–2 (1950)). A district court has subject matter jurisdiction over cases arising under federal law and in civil actions where the matter in controversy exceeds $75,000 and is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §§ 1331, 1332.

In the case at bar, Capitol asserts the court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states. Capitol is a Wisconsin corporation with its principal place of business in Wisconsin. (DN 1, ¶ 2). IKO is a Kentucky corporation with its principal place of business in Kentucky, and both IKO and Sancomb are Kentucky citizens. (DN 1, ¶¶ 3–4). Capitol's complaint states that the amount in controversy will exceed $75,000, exclusive of interests and costs, and that Capitol seeks a determination that it does not owe a duty to defend or indemnify IKO for amounts above the $25,000 sub-limit of liability set forth in the Assault Limitation. (DN 1, ¶¶ 5, 23). With the exception of this statement, the complaint does not indicate the amount or extent of the policy's other liability limits.

IKO does not dispute that the parties are citizens of different states, but it requests that the court dismiss this action pursuant to Fed. R. Civ. P 12(b)(1) on the ground that Capitol has failed to establish subject matter jurisdiction, as required by 28 U.S.C. § 1332. Specifically, IKO contends that Capitol's complaint facially alleges an amount in controversy of $25,000, thus failing to satisfy the jurisdictional threshold of $75,000. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n.*, 287 F.3d 568, 573 (6th Cir. 2002); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). The plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). In a federal diversity action, the amount in controversy alleged in the complaint will satisfy the jurisdictional requirements unless the plaintiff made the claim in bad faith. *Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (citation omitted). "A showing of bad faith

is made if the defendant demonstrates 'to a legal certainty[ ] that the original claim was really for less than the amount-in-controversy requirement.'" *Id.* (alterations in original) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)).

IKO argues that Capitol has improperly measured the amount in controversy in this declaratory judgment action. In declaratory judgment actions, the amount in controversy requirement is measured by the value of the object of the litigation. *See Northup Properties, Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). IKO contends that the object of the litigation in this action is the Assault Limitation's coverage sub-limit of $25,000, while Capitol contends that the object of the litigation in this action is the amount that Sancomb claimed against IKO in the underlying state court action.

The Sixth Circuit has yet to decide whether the amount in controversy in a declaratory judgment action should be measured by the policy limits or by the value of the underlying claim. However, the court in *Grange Mutual Casualty Co. v. Safeco Insurance Co.* adopted the rule used in other circuits that "the policy limits are controlling in a declaratory action . . . as to the validity of the entire contract between the parties, but that when the applicability of an insurance policy to a particular occurrence is the question, the amount in controversy is measured by the value of the underlying claim." 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (internal marks omitted) (citing *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997); *Home Ins. Co. of N.Y. v. Trotter*, 130 F.2d 800, 803 (8th Cir. 1942); 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3710 (3d ed. 1998)). *See also Jordan Ice Co., Inc. v. Grange Mut. Cas. Co.*, 2006 WL 3497767, at *2 (E.D. Ky. Dec. 4, 2006)

("It is true that, because the instant action does not question the validity of the insurance contract in its entirety, the policy coverage limits do not constitute the amount in controversy. Nevertheless, in disputes involving the applicability of an insurance policy to a particular occurrence, the amount in controversy is the value of the underlying claim.") (citations omitted).

IKO argues that this case falls into the former category, and thus the policy limits are controlling because the sole issue in this action is the validity of the policy's "eroding limits"[1] provisions. Thus, according to IKO, the amount in controversy is properly measured by the $25,000 sub-limit contained in the Assault Limitation. The court, however, finds that the amount in controversy should be measured by the value of the underlying claim. The instant case is one in which the court is asked to determine the applicability of an insurance policy to a particular occurrence and, contrary to IKO's assertions, Capitol did not raise the issue of the validity of the policy and its eroding limits provisions when it filed this action. Rather, Capitol framed the issue as whether the Assault Limitation—as opposed to the policy's personal injury provision, which contains a $1 million limit of liability—is the exclusive liability provision applicable to the claims asserted by Sancomb in the underlying state action. Moreover, Capitol's complaint sought only three declarations from the court: (1) that the Assault Limitation "is the exclusive liability coverage form applicable to the claims asserted by Nicole Sancomb in the underlying Complaint;" (2) that Capitol's duty to indemnify IKO in the underlying state action is limited to the Assault Limitation's sub-limit of $25,000; and (3) that Capital has no duty to defend and indemnify IKO upon the exhaustion of the Assault Limitation's sub-limit of $25,000. (DN 1, p. 9–10). Each declaration seeks a finding that the Assault Limitation is applicable to Sancomb's

---

[1] An "eroding limits" provision subtracts "any attorneys' fees or costs incurred in defending a claim . . . from the policy limits, thereby reducing the amount available to settle claims or pay judgments." Barbara Wolff Engler, *Eroding Limits Policies Create Coverage Issues*, 2 No. 4 LEGAL MALPRACTICE REP. 12 (1991). IKO contends that its policy with Capitol contains eroding limits provisions because the policy provides that "costs for defense and investigation of any 'assault or battery hazard' claim are included within the limits of insurance[.]" (DN 1-2, p. 12).

claims against IKO. Thus, Capitol is not seeking to void the policy in its entirety, nor has it made any contention regarding the alleged invalidity of the eroding limits provisions contained within it. Therefore, the amount in controversy in this action should be measured by the value of the underlying state court claim.

The complaint filed by Sancomb in Jefferson Circuit Court does not state the amount of relief she is seeking from IKO. However, Capitol alleges that the potential value of Sancomb's claim against IKO exceeds $75,000, and it submits to the court the answers to interrogatories that IKO propounded on Sancomb in the state case. (DN 13-1). In her answer to the interrogatories, Sancomb indicates that she will seek over $2 million in damages from IKO. (DN 13-1, p. 15–16). These allegations as to the amount in controversy appear to have been made in good faith, and IKO does not claim otherwise. Nor does IKO appear to dispute any of Capitol's factual assertions relating to the amount in controversy. Therefore, the court finds that IKO has failed to show to a legal certainty that Capitol's claim could not meet the amount-in-controversy requirement of $75,000.

## CONCLUSION

For the reasons stated above, IKO's motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (DN 11) is **DENIED**. A separate order will be entered in accordance with this opinion.

November 26, 2013

**Charles R. Simpson III, Senior Judge**
United States District Court